UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
WILLIAM HENRIQUEZ,

        Petitioner,

  -against-

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------ X

**OPINION AND ORDER TO AMEND PETITION**

12 Civ. 5590 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner, William Henriquez, complains that he is being detained illegally in a New York State Corrections facility, and moves pursuant to 28 U.S.C. §2255 to correct his sentence. Petitioner, if he wishes to pursue the relief he requests, shall file an Amended Petition within sixty days of the date of this Order as detailed below.

      Henriquez' motion may also be treated as a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. A court should construe a prisoner's petition without regard to its label, but with an eye to the relief sought. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997). Since Henriquez' petition challenges the execution of his sentence, his petition is more properly filed pursuant to §2241, Grullon v. Ashcroft, 374 F.3d 137, 139 (2d Cir. 2004) ("A §2241 petition generally challenges the execution of a federal prisoner's sentence, whereas challenges to the underlying conviction and sentence are properly raised in a §2255 petition"). Moreover, relief under §2255 is time-barred by the statute's 1-year period of limitation. Clearly, Henriquez consents to such treatment, since it is the only way he can now raise the issue of his sentence for federal judicial resolution. See Simon v. United States, 359 F.3d 139, 144 (2d Cir.

2004) (requiring notice and consent before construing a petitioner's filing as a §2241 petition). Therefore, I proceed to the merits of Henriquez' petition for relief.

## Discussion

I sentenced Henriquez on October 26, 2007 to a term of custody of 240 months, the statutory maximum. He, with other defendants, had been charged on May 12, 2006, with a Hobbs Act robbery (18 U.S.C. §1951), conspiracy (18 U.S.C. §1951-52), use of a firearm while committing the robbery (18 U.S.C. §924(c)), and murder during the commission of the robbery (18 U.S.C. §924(j)). Henriquez pleaded guilty to committing the robbery (Count Two of the four counts). His Guidelines calculation came to a net offense behavior level of 40, a criminal history category of VI, and a range of imprisonment of 360 months to life. See Order Declining to Revisit Opinion on Designation, March 25, 2011, explaining the calculation.

At the time I sentenced Henriquez, he also was under indictment in New York Supreme Court for manslaughter. The state-charged crime was a different crime, committed in different circumstances, in a different place, and involving different people. I did not consider his New York State indictment as a factor in determining Henriquez' federal sentence. That remained for the New York Supreme Court Justice to consider.

Following his federal sentencing, Henriquez was remitted to the New York State Supreme Court, to answer his state charges. He pleaded guilty to manslaughter, and the New York court sentenced him to a term of 15 years, to run concurrently with his 20-year federal sentence and to be served in the federal penitentiary. Transcript of plea and sentence, People v. Henriquez, 44934/2007, Nov. 15, 2007. The sentencing Justice could not, however, order the federal sentence to be served concurrently with the state sentence.

It appears that New York State officials placed Henriquez in a New York State penitentiary where he began serving his state sentence, not in a federal penitentiary. He remains in the custody of the New York State Department of Corrections. Henriquez subsequently petitioned the U.S. Bureau of Prisons to transfer him to a federal penitentiary, and the Bureau asked me for my recommendation. I declined to make a recommendation, leaving the matter to the discretion of the Bureau. See Order, May 24, 2010. I re-affirmed that declination by my Order of March 25, 2011. I wrote:

> [T]he insurmountable fact is that Henriquez is responsible for two different homicides, and he was punished discretely for each one. Though the Supreme Court Justice ordered the state sentence to be served concurrently with any pending federal sentences, the Justice only had power to influence the service of the state sentence.

Order Declining to Revisit Opinion on Designation, Mar. 25, 2011. I declined to express an opinion "whether Henriquez should or should not be transferred into federal custody at the present time in order to make possible a concurrent service of his state and federal sentence. Id.

In a letter dated July 9, 2012, Henriquez argues that he should have been sent immediately to the federal penitentiary when I sentenced him, for I had recommended that he be detained at Fort Dix or another facility proximate to New York City to facilitate family visitation. Letter from William Henriquez to Jessica A. Masella, Assistant U.S. Att'y (July 9, 2012). Henriquez is incorrect. My recommendation as to which federal institution should house Henriquez was not intended to order that Henriquez should serve his federal sentence before, or concurrently with, a state sentence. Individuals frequently are writted from state custody to federal custody to answer a federal indictment or complaint. When the federal proceeding is concluded, the individual is returned to state custody because "that individual is only on 'loan' from the state and must be returned to the state's custody at the conclusion of the [federal]

3

proceedings." Delima v. United States, 213 F.3d 625 (2d Cir. 2000) (Table); see also United States v. Sanchez-Abreu, No. 09 Cr 657 (RMB), 2011 WL 1453814, at *2 (S.D.N.Y. Apr. 14, 2011) (federal custody commences only when state authorities relinquish the prisoner on satisfaction of the state obligation). In the normal course, Henriquez will serve his federal sentence after New York State relinquishes custody of him.

The "intention of the Federal sentencing court" was not, as Henriquez puts it, that Henriquez "state sentence be served concurrently with the Federal Sentence." Letter from William Henriquez (July 9, 2012). That may have been the intention of the Justice of the New York Supreme Court; it was not my intention. In light of Henriquez' extensive criminal record, I sentenced him to 240 months, the statutory maximum, based solely on his guilt of a nasty and dangerous set of crimes that killed a victim, and without considering the New York State criminal proceeding that lay ahead for him. It was the Justice of the New York Supreme Court who sentenced him to a concurrent term, not I. Henriquez will begin his federal punishment after he is released by the New York State Department of Corrections, and "commences to run on the date on which the person is received at the penitentiary, reformatory, or jail for service of the sentence." 28 C.F.R. § 2.10.

Henriquez complains that the federal Bureau of Prisons should remove him from New York State detention and transfer him to federal custody. The Bureau has discretion to "direct the transfer of a prisoner from one penal or correctional facility to another," 18 U.S.C. §3621(b), and could have exercised that discretion to transfer Henriquez from a New York State to a federal facility, or to designate the state prison as a federal place of confinement for him, but it is not required to do so, and it has not done so. Nor have I required the Bureau to do so. Orders, May 24, 2010, March 25, 2011.

If he is not removed from state detention, Henriquez argues that the Bureau of Prisons should give him credit for his time in state custody when he does enter the federal system. According to statute, he is entitled to credit only for his "custody in connection with the offense or acts for which sentence was imposed." 28 C.F.R. §2.10. The Bureau of Prisons, however, has the authority to designate the state prison as a federal place of confinement so that Henriquez can serve his federal and state sentences concurrently—also known as a nunc pro tunc designation. 18 U.S.C. §§ 3585(b), 3621(b); see also United States v. Luna-Reynoso, 258 F.3d 111, 117 (2d Cir. 2001); McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998). A prisoner can challenge the refusal to grant such a designation by a habeas corpus petition before he enters federal custody, and a district court may review the Bureau's denial for abuse of discretion. See Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 76 (2d Cir. 2005) ("The decision whether to designate a facility as a place of federal detention is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy"); Jennings v. Schult, 377 Fed. Appx. 97, 97-98 (2d Cir. 2010) (citing McCarthy, 146 F.3d at 123 n.4); Mitchell v. Lara, No. 11 Civ. 1540 (LBS), 2012 WL 1080290, at *2 (S.D.N.Y. Apr. 2, 2012).

A prisoner who seeks review of the Bureau of Prisons' denial of his nunc pro tunc designation request must first, however, exhaust his administrative remedies. Setser v. United States, 132 S.Ct. 1463, 1473 (2012); Abdul-Malik, 403 F.3d at 73. Henriquez says that he requested and was denied a nunc pro tunc designation of credit, but I have no record to show that. Nor does Henriquez state whether he appealed the Bureau's decision administratively. In the absence of such information, my review of the issue would be premature.

5

If Henriquez wishes to proceed with this action after exhausting his administrative remedies, he must file an Amended Petition that (1) states that he is filing the Amended Petition under § 2241; and (2) details what steps he has taken to exhaust his administrative remedies within the Bureau of Prisons or show that the available remedies are in some way inadequate. The Amended Petition must replace the original Petition and include the relevant facts, dates, and claims.

Henriquez also may have state court remedies that he must exhaust before suing for federal habeas corpus relief. Henriquez must demonstrate that he has exhausted the remedies available to him in the New York State courts, that there is an absence of available New York State corrective process, or that there are circumstances rendering a state process ineffective to protect his rights. 28 U.S.C. §2254 ("(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant").

## Conclusion

The Petition is denied. The Clerk shall mark document number 1 as having been terminated.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962). I should add, however, that the issue presented by Henriquez is novel and complex and that the Court of Appeals might take a different view of the matter. See 28 U.S.C. §2253.

SO ORDERED.

Dated:   December 17, 2012

New York, New York

/s/ Alvin K. Hellerstein

ALVIN K. HELLERSTEIN

United States District Judge