UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 13 CV 4389

WILLIAM HENRIQUEZ,
           Petitioner,

v.

M. CAPRA, SUPERINTENDENT of
SING SING CORRECTIONAL FACILITY,
           Respondent.

PETITION FOR A WRIT
of HABEAS CORPUS UNDER
28 U.S.C. § 2241

_____CV_____ ( )

1. Parties in this Petition:

    a. You are the Petitioner. List your Name and Address. If you are currently in custody, include your identification number and address of your current place of confinement.

Petitioner's Name:    WILLIAM HENRIQUEZ
Prisoner ID#:    08-A-4127
Alien #:
Current Institution:    SING SING CORRECTIONAL FACILITY
Address:    354 Hunter Street
                     Ossining New York 10562



1

b. List all Respondents by name, position, and place of employment. Make sure that the respondent(s) listed below are identical to those contained in the above caption. Attach additional pages of paper if necessary.

Respondent No.1

Name: M. Capra, Superintendent of
Where Currently Employed: Sing Sing Correctional Facility
Address: 354 Hunter Street
Ossining, New York 10562

2. This Petition concerns (check one)

    a. a conviction and/or a sentence
      b. calculation of sentence
      c. parole
        d. prison disciplinary proceeding
        e. detainer
        f. other (explain) EXECUTION OF SENTENCE

3. Provide the following information regarding the conviction(s) and sentence(s) for which you are currently incarcerated.

    a. Name(s) and location(s) of court: U.S.D.C. SOUTHERN DISTRICT

    b. Case Number(s): --------FEDERAL REGISTER No. 55142-054

    c. Charges of which you were convicted: ROBBERY

    d. What was your plea?
        GUILTY

    e. Did you appeal from the judgment of conviction?     NO
4. If you did appeal, answer the following:
    a. Name of Court: N/A
5. If you are challenging your conviction or sentence:
    a. Have you previously filed a motion under 28 U.S.C. §2255?
        YES
If yes, please provide the case #, the name of the court where filed, relevant date(s), and the results: United States District Court-Southern District- 12 CV 5590 (AKH), filed 12/27/12 Opinion and Order to amend petition, dated 12/27/12 "amended petition must replace original petition" including relevant dates, facts and claims.

    b. Challenge to your Federal conviction or sentence can be raised only by motion under 28 U.S.C. § 2255, unless the § 2255 motion is "inadequate or ineffective to test the legality of [your] detention." 28 U.S.C. §2255 (e). If you are challenging your conviction or sentence, please explain what serious constitutional questions may be raised if the Court does not consider your habeas petition: N/A

2

6. If this case concerns parole,
   a. Does it concern (check one): revocation OR denial?

   b. When and where was your parole revoked or denied? _____

7. If this case concerns a prison disciplinary proceeding, when and where did this proceeding take place? _____

8. If this case concerns a detainer, does the detainer concern a (check one):
   FEDERAL MATTER

9. In the spaces below, set forth every ground that supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. You may attach additional pages if necessary to raise additional grounds or provide additional facts.

   a. Ground One: ----------------------SEE ATTACHED SHEETS    EXH.1

Exhaustion:

(1) Have you presented Ground One to the Bureau of Prisons either through the prison grievance system or other administrative proceedings?
   YES

If Yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not: April 28, 2010- letter to Federal Sentencing Judge; June 2010, petitioner's counsel wrote to BOP, request was denied by each.

b. Ground Two: NUNC PRO TUNC DESIGNATION
                      See attached sheet        EXH.2

Supporting Facts:    SEE ATTACHED SHEET---STATEMENT OF FACTS
                     EXH.2

Exhaustion:

   (1) Have you presented Ground Two to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
      YES
If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, pleas explain why not:    BOP denied on June 30, 2010, concerning NUNC PRO TUNC DESIGNATION

3

c. Ground Three: State Sentence is to run concurrently to Federal Sentence

Supporting Facts: See Attached- STatement of Facts- EXH.3

Exhaustion:

(1) Have you presented Ground Three to the BUreau of Prisons either through the prison grievance system or other administrative proceeding?

YES

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not: U.S.Attorney, Preet Bharara's memo of 12/27/11- Gov. does not have any objections to running these sentences concurrently with each other.

Ground Four: Time already spent in State Custody should run concurrently with imposed Federal Sentence which was imposed first/ alternatively, if petitioner continues to be held in State Custody- time being spent in State Custody-time should be credited accordingly to Federal Sentence concurrently.

Supporting Facts: The Petitioner should be transferred to a Federal Prison to serve out his Fedearl Sentence of twenty years. Petitioner was sentenced first by a Federal Court on October 26, 2007. Defendant was held in a Federal penitentiary until November 15, 2007 were he then was extridicted to Bronx County were he was then sentenced to Fifteen years under ind.no. 02951-2007 to a charge of manslaughter. Prior to this sentencing in Bronx County, the petitioner's attorney, and the District Attorney entered into an agreement, and this agreement was made by the sentencing Judge in Bronx County which stipulates that--the petitioner's fifteen year sentence is to run concurrently to his Federal Sentence, and to be served in a Federal Penitentiary. Petitioner continues to sit in a State Correctional Facility.----------

Supporting Facts: The petitioner should be transferred to a Federal Penitentiary to continue to serve out his Federal Sentence, and the imposed, and promised Sentence from the Bronx County Justice as ordered to serve his State Sentence concurrently with his Federal Sentence/ that all time spent within the New York State Correctional Facility be credited to his Federal Sentence accordingly.

Exhaustion:

(1) Have you presented Ground Four to the Bureau of Prisons either through the prison grievance system or other administrative proceeding(s)?

YES

4

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not: Petitioner received a letter from Assistant District Attorney V.Seoane, stating Petitioner was judicially promised a sentence of Fifteen years to run concurrently to his Federal sentence for the instant offense.

10. Based on the grounds raised above, what are you asking the Court to do?

The petitioner asks this Court to Order that Petitioner be immediately transferred to a Federal Penitentiary which was judicially promised as part of plea negotiations from the State Court/ alternatively, if petitioner continues to be held in a New York State Correctional Facility, that his time already spent be credited towards the Federal sentence imposed. See attached Statement of facts for acurate dates concerning all the above referenced Grounds.

### DECLARATION

I declare under the penalty of perjury that I have read the above and the information contained in this petition is true and correct.

6/19/13
DATE

William Henriques
Signature of Petitioner

IF MAILED BY PRISONER:

I declare under the penalty of perjury that this Petition was:

DEPOSITED IN THE PRISON'S INTERNAL MAIL SYSTEM ON

6/19/13
DATE

William Henriques
SIGNATURE OF Petitioner

5

## Statement of Facts

EX.1

The defendant states that he is filing this amended petition under 28 U.S.C.A. § 2241, at which time defendant respectfully asks that this Court grant him the relief sought herein by this instant motion before it, and for any other and further relief as this Court may deem just and proper under the circumstances of this case.

On May 28, 2003 the defendant, William Henriquez, was arrested for immigration by federal authorities, and on February 18, 2005 the defendant was released; however, prior to the defendant's release the federal authorities brought charges against him, but rather than impose the charges against the defendant, they instead released him.

On February 18, 2005, upon the defendant's release, he was sent to the Brooklyn Court for a detainer that was being held against him by New Jersey. On February 19, 2005 the defendant went before the Court where the Judge signed the detainer enabling New Jersey to take possession of the defendant, but New Jersey did not ever come for him. The defendant was then taken to Rikers Island, where he remained for two weeks before being returned to the Brooklyn Court where he was never seen by anyone.

On March 07, 2005 the defendant was returned to federal custody, at which time he was taken to a federal court where he was then charged. On October 26, 2007 the defendant was sentenced to a term of twenty (20) years with regard to his federal charges. After the defendant's sentencing by the federal court, the defendant was remanded to a federal prison where he abided until November 15, 2007, at which time the defendant was returned to Bronx County, New York.

In Bronx, New York the defendant went before the Supreme Court re: Case number 02951-2007, whereupon defendant was sentenced to fifteen (15) years for the charge of Manslaughter. Prior to his sentencing in Court, the defendant's attorney and the District Attorney prearranged a deal which the Court agreed to honor: the defendant's fifteen-year term was to run concurrent with his federal

term and be served in a federal institution. The defendant was instead sent to a state correctional facility. Furthermore, it had been realized that the defendant's state sentence had not been run concurrent with his federal time. The defendant has since submitted a letter to the United States District Court with regard to the matter.

On April 28, 2010 the defendant submitted a letter to the United States District Judge, Hon. Alvin K. Hellerstein, requesting the Court's assistance regarding having the defendant's state sentence run concurrent with his federal sentence. The Hon. Judge Hellerstein stated that the Court had no knowledge of the state prosecution at the time it sentenced the defendant.

On December 15, 2010 the defendant's attorney, Mr. Joel M. Stein, Esq., stated respectfully that the Court was incorrect when stating that it had "no knowledge" of the state prosecution at the time it sentenced the defendant on October 26, 2007, because on the date of September 20, 2007 the defendant's attorney, Mr. Joel M. Stein, Esq., submitted a letter to the Court requesting authorization to be compensated as CJA Counsel for Services in the State Court in that related-but-separate prosecution in State Court. In response, the Court "So Ordered" that request on October 15, 2007, and the letter was filed on October 16, 2007.

The Hon. Judge Hellerstein was unmerited when the Court did not help the defendant when he requested the Court's assistance. The Hon. Judge Hellerstein had knowledge of the state prosecution at the time it sentenced the defendant; however, Hon. Judge Hellerstein simply did not wish to assist the defendant with his request.

Further, the defendant's attorney, Mr. Neufeld, wrote a letter to the BOP requesting that the defendant be credited with the time spent in state custody in the State of New York. The defendant's attorney's request was denied on June 11, 2010.

EX. 2   The defendant states that on June 30, 2010 Mr. Jose A. Santana, Chief of the U.S. Department of Justice, Designation and Sentence Computation Center, had written to inform him that a "Nunc pro tunc designation" was not appropriate in the case; therefore, defendant did not file a "Nunc pro tunc designation," because it was learned that it would not provide any benefit to his part.

The defendant believes that the Bureau of Prisons, and the Hon. Judge Alvin K. Hellerstein, are in the wrong on this matter. The Supreme Court of the State of New York approved the defendant's state term to run concurrent with his federal term on 05CR185, and that it be served by him in a federal institution.

Furthermore, the United States Attorney's Office stated in a letter they sent to BOP Designation and Sentence Computation Center, that the government does not have any objection to running the (defendant's) sentences concurrent with one another. But it seemed that the BOP did not wish to honor this. It is also hard to believe that the BOP overrules the United States Attorney's Office in this matter.

EX. 3   Therefore, the defendant is hereby requesting this Court to grant him the entitlement to have his federal sentence run concurrently with his state sentence. <u>Schurmann v. United States, 658 F. 2d 389. United States v. Moyles, 724 F. 2d 29 (2d Cir. 1983)</u>.

If a defendant is subsequently arrested and detained on federal charges, and then he is sentenced by a federal court long before he is sentenced by a state court, this puts the defendant into the primary jurisdiction of the Federal System, not the State's primary jurisdiction.

So long as the defendant has been ordered detained in Federal Court the Federal System has primary jurisdiction. After a defendant has been sentenced in a federal court, the state can writ him back for disposition of the pending case – which they have done. This doesn't, however, mean the state has primary jurisdiction; the

defendant had been sentenced first in a federal court, which put the defendant in the federal system. The defendant should be returned back to the federal prison, and if the defendant will not be returned, then the defendant should be granted that his federal time run concurrent with his state time. A federal Judge may only recommend that a federal sentence be served concurrent with a state sentence. <u>United States v. Sachinger</u>, 704 F. 2d 930 (2d Cir. 1983).



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 27, 2011

**By Mail**

BOP Designation and Sentence Computation Center
Grand Prarie Office Complex
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prarie, TX 75051

      Re: **William Henriquez, USMS# 55142-054**

To Whom It May Concern:

      I am one of the prosecutors with primary responsibility for the case of the above-referenced inmate, William Henriquez, USMS # 55142-054. Henriquez, through his counsel, has requested that the federal sentence that he received (240 months' imprisonment) be run concurrently with a state sentence that he is currently serving (15 years' imprisonment). The Government does not have any objection to running these sentences concurrently with each other. Please let me know if any further information is required and do not hesitate to contact me at the number below.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney
      Southern District of New York

By: _____
    JESSICA A. MASELLA
    Assistant United States Attorney
    (212) 637-2288

ROBBERY)
(2)

| | |
|---|---|
| VIOLENT CRIME/DRUGS/MACHINE GUN (BRANDISHING FIREARM DURING COMMISSION OF A CRIME OF VIOLENCE) (3) | Dismissed on the motion of the United States. |
| VIOLENT CRIME/DRUGS/MACHINE GUN (3s) | Dismissed on the motion of the United States. |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS (4s) | Dismissed on the motion of the United States. |

**Highest Offense Level (Terminated)**
Felony

**Complaints**               **Disposition**
None

**Plaintiff**
USA                   represented by **Harry Sandick**
                                 U.S. Attorney's Office, SDNY (St Andw's)
                                 One St. Andrew's Plaza
                                 New York, NY 10007
                                 (212) 637-2340
                                 Fax: (212) 637-0084
                                 Email: harry.sandick@usdoj.gov
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/17/2005 | 1 | INDICTMENT FILED as to William Henriquez (1) count(s) 1, 2, 3. (jm, ) (Entered: 02/18/2005) |
| 02/17/2005 | | Case Designated ECF as to William Henriquez.(jm, ) (Entered: 02/18/2005) |
| 03/02/2005 | 3 | ENDORSED LETTER as to William Henriquez addressed to Judge Hellerstein from AUSA Harry Sandick dated 2/28/05 re: submitted to request that the pretrial conference scheduled for 3/2/05 at 9:30 a.m. be adjourned sine die because deft Henriquez has not yet arrived in this District. JUDGE SO ORDERED. (Signed by Judge Alvin K. Hellerstein on 3/1/05)(bw, ) (Entered: 03/07/2005) |
| 03/04/2005 | 4 | AFFIRMATION of AUSA Harry Sandick by USA as to William Henriquez re: submitted for the issuance of a writ of habeas corpus ad prosequendum. (bw, ) (Entered: 03/08/2005) |
| 03/07/2005 | | Minute Entry for proceedings held before Judge Frank Maas :Initial Appearance as to William Henriquez held on 3/7/2005. AUSA Harry Sandick pres. Dft arrested 3/7/05 at 10:40 a.m. (on writ), presentment: 5:50 p.m. Interpreter needed: Spanish. Dft William Henriquez pres w/atty Ericka Edwards (CJA). Bail Disposition: Detention on consent w/o prejudice. Plea of NOT GUILTY entered. T/E through 3/15/05. Pretrial Conference set for 3/15/2005 04:30 PM before Judge Alvin K. Hellerstein. (ja, ) (Entered: 03/16/2005) |
| 03/07/2005 | | Minute Entry for proceedings held before Judge Frank Maas :Arraignment as to William Henriquez (1) Counts 1, 2, held on 3/7/2005. Plea entered by William Henriquez (1) Counts 1, 2, 3, Not Guilty. (ja, ) (Entered: 03/16/2005) |
| 03/07/2005 | 7 | CJA 20 as to William Henriquez: Appointment of Attorney Joel M. Stein for William Henriquez.. (Signed by Judge Frank Maas on 03/07/05) The CJA Office has mailed the original to the attorney and sent a copy to the case file.(pa, ) (Entered: 03/24/2005) |
| 03/23/2005 | 6 | ENDORSED LETTER as to William Henriquez addressed to Judge Hellerstein from AUSA Harry |

| | | |
|---|---|---|
| | | Russell Neufeld. Deft Polanco-Padilla present w/atty Alan Haber. AUSAs, Daniel Stein and Harry Sandick present. Court reporter Paula Speer present. Interpreter Mario Michelena present. FPTC is set for 4/18/07 at 4:00 p.m. Trial set for 4/23/07. Time excluded until 4/23/07, in the interest of justice. Deft continued remanded. (bw, ) (Entered: 09/25/2006) |
| 09/20/2006 | | ORAL ORDER as to William Henriquez (1), FNU LNU (4). Time excluded from 9/20/06 until 4/23/07. Ready for Trial by 4/23/2007. Pretrial Conference set for 4/18/2007 04:00 PM before Judge Alvin K. Hellerstein.(bw, ) (Entered: 09/25/2006) |
| 10/19/2006 | 51 | TRANSCRIPT of Proceedings as to William Henriquez, FNU LNU held on 9/20/2006 at 4:35 p.m. before Judge Alvin K. Hellerstein. (aba, ) (Entered: 10/19/2006) |
| 11/27/2006 | 53 | MEMORANDUM ORDER as to William Henriquez, FABIO LNU, Jose Luis Acosta, FNU LNU, FNU LNU, RE: Interim Payments for Representation of Counsel to All Persons Providing Services Pursuant to Subsection (e) of the Criminal Justice Act, 18 USC 3006(A) in the Case of US v. Henriquez.... The following procedures for interim payments shall apply during the course of your representation in this case: 1) Submission of Vouchers....; 2) Reimbursable Expenses....; and 3) Further questions or guidance. (Signed by Judge Alvin K. Hellerstein on 11/20/06)(ja, ) (Entered: 11/28/2006) |
| 04/05/2007 | 54 | ENDORSED LETTER as to William Henriquez, FNU LNU addressed to Judge Hellerstein from Jessica A. Masella, AUSA dated 4/2/07 re: Govt requests that the court set a PTC in this matter. Conference is scheduled for 4/13/07 @ 12PM. so ordered.. (Signed by Judge Kimba M. Wood on 4/4/07)(pr) (Entered: 04/06/2007) |
| 04/05/2007 | | Set/Reset Hearings as to William Henriquez, FNU LNU: Status Conference set for 4/13/2007 12:00 PM before Judge Alvin K. Hellerstein.. (pr) (Entered: 04/06/2007) |
| 04/13/2007 | | Minute Entry for proceedings held before Judge Alvin K. Hellerstein :Pretrial Conference as to William Henriquez, FNU LNU held on 4/13/2007. Dft William Henriquez pres w/attys Joel Stein and Russell Nuefeld; dft Polanco-Padilla (FNU LNU #4) w/atty Alan Haber; AUSA Jessica Masella pres, crt rptr pres. Interpreter Paula Gold pres. Trial is adjourned to 9/17/07. T/E to 9/17/07 in the IOJ. Final Pretrial Conference set for 9/4/2007 03:00 PM before Judge Alvin K. Hellerstein. Dfts cont'd remanded.(Court Reporter Guido Tascione) (ja) (Entered: 04/13/2007) |
| 06/06/2007 | 55 | ENDORSED LETTER as to William Henriquez addressed to Judge Hellerstein from Attorney Joel M. Stein dated 6/5/07 re: submitted to request that the Court authorize, nunc pro tunc from 11/10/05 to 8/3/06, compensation under the capital rates pursuant to Criminal Justice Act. ENDORSEMENT: So Ordered. (Signed by Judge Alvin K. Hellerstein on 6/1/07)(bw) (Entered: 06/06/2007) |
| 07/17/2007 | 57 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE ON A FELONY PLEA ALLOCUTION by William Henriquez. (jw) (Entered: 07/23/2007) |
| 07/17/2007 | | Minute Entry for proceedings held before Magistrate Judge Ronald L. Ellis :Status Conference as to William Henriquez held on 7/17/2007. Deft present w/atty Joel Mark Stein. AUSA present. Deft pleads guilty to Count 2 of S3-05-Cr-185(AKH). Continued detained. Sentencing date: 10/26/07. PSI ordered 7/17/07. (bw) (Entered: 10/30/2007) |
| 07/17/2007 | | Minute Entry for proceedings held before Magistrate Judge Ronald L. Ellis : Plea entered by William Henriquez (1) Guilty as to Count 2s. (bw) (Entered: 10/30/2007) |
| 07/17/2007 | | Order of Referral to Probation for Presentence Investigation and Report as to William Henriquez. (bw) (Entered: 10/30/2007) |
| 09/21/2007 | 59 | TRANSCRIPT of Proceedings as to William Henriquez held on 7/17/07 before Judge Ronald L. Ellis. (jbe) (Entered: 09/21/2007) |
| 10/16/2007 | 61 | ENDORSED LETTER as to William Henriquez addressed to Judge Hellerstein from Joel M. Stein dated 9/20/07 re: I am informed by the CJA Clerk's Office that if the Court authorized compensation for this matter as part of our CJA voucher, we will be compensated for our services. Accordingly, we are respectfully requesting that the Court authorize CJA compensation for this related but separate prosecution...ENDORSEMENT...SO ORDERED. (Signed by Judge Alvin K. Hellerstein on 10/15/07)(jw) (Entered: 10/16/2007) |
| 10/26/2007 | | Minute Entry for proceedings held before Judge Alvin K. Hellerstein :Sentencing held on 10/26/2007 for William Henriquez (1) Count 2s. [See Judgment filed on 10/29/07] (bw) (Entered: 10/30/2007) |

| | | |
|---|---|---|
| 10/26/2007 | | DISMISSAL OF COUNTS on Government Motion as to William Henriquez (1) Count 1,1s,2,3,3s,4s. (bw) (Entered: 10/30/2007) |
| 10/29/2007 | 63 | JUDGMENT In A Criminal Case (S3-05-Cr-185). Date of Imposition of Judgment: 10/26/07. Defendant's Attorney: Joel M. Stein. Defendant William Henriquez (1) pleaded guilty to Count(s) 2s. Count(s) All open counts are dismissed on the motion of the United States. Imprisonment: 240 months. The defendant is notified of his right to appeal. The court makes the following recommendations to the Bureau of Prisons: that the defendant be confined at the Fort Dix Facility or a facility as close to NYC area as possible to promote family visits. Supervised Release: 3 years. The above drug testing condition (p.3 of judgment) is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. The defendant shall cooperate in the collection of DNA as directed by the probation officer. Additional Supervised Release Terms (see p.4 of judgment). Assessment: $100.00, due immediately. (Signed by Judge Alvin K. Hellerstein on 10/29/07)(bw) (Entered: 10/30/2007) |
| 10/29/2007 | | Judgment entered in money judgment book as #07,2078 as to William Henriquez in the amount of $100.00, re: 63 Judgment. (dt) (Entered: 11/01/2007) |
| 11/07/2007 | 65 | TRANSCRIPT of Proceedings as to William Henriquez held on 7/17/07 before Judge Ronald L. Ellis. (db) (Entered: 11/07/2007) |
| 03/17/2008 | 66 | TRANSCRIPT of Proceedings as to William Henriquez held on 6/21/2005 before Judge Alvin K. Hellerstein. (ama) (Entered: 03/17/2008) |

REGNO..: 55142-054 NAME: HENRIQUEZ, WILLIAM

------------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-07-2004 AT BRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 09-09-2004
TOTAL TERM IN EFFECT............:    24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS
EARLIEST DATE OF OFFENSE........: 12-01-2002

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    05-28-2003     09-08-2004

TOTAL PRIOR CREDIT TIME.........: 470
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 94
TOTAL GCT EARNED................: 94
STATUTORY RELEASE DATE PROJECTED: 02-21-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-26-2005


ACTUAL SATISFACTION DATE........: 02-18-2005
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: BRO
ACTUAL SATISFACTION KEYED BY....: MAR

DAYS REMAINING..................: 94
FINAL PUBLIC LAW DAYS...........: 3




G0002       MORE PAGES TO FOLLOW . . .



**U.S. Department of Justice**
Federal Bureau of Prisons

Designation and Sentence Computation Center

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

October 7, 2010

William Henriquez
State No. 08A4127
Sing Sing Correctional Facility
354 Hunter St.
Ossining, NY 10562

Mr. Henriquez:

Your letter to Robert S. Mueller III, Director of the Federal Bureau of Investigation, wherein you have requested a concurrent designation to the State of New York, has been forwarded to me for a response.

On June 30, 2010, the Designation and Sentence Computation Center (DSCC) informed you that a concurrent designation of you to the State of New York was not appropriate. (See enclosed letter.) Our review is final and there is no appeal. The DSCC will not respond to further inquiries from you regarding this matter.

I trust this response has addressed your concerns.

Sincerely,

Jeff Carson
Operations Manager

jaf

1  MR. OUSTATCHER: Judge, that the plea on SCI,
2  defendant is promised 15 years incarceration to be served
3  concurrent with his federal conviction for which he's
4  serving a 20-year sentence as well as the defendant will
5  serve his state sentence while in federal custody.
6       I read the presentence report I rather the
7  defendant be sentenced as promised.
8       THE CLERK: Counsel, anything you'd like to say?
9       MR. NEUFELD: Judge, I agree that was the
10 understanding. I just want to make sure on this commitment
11 or court paper that is it reflects it's concurrent to be
12 served in the federal institution. The docket number in
13 Federal Court in Southern District is 05CR185.
14      THE CLERK: 05 Charlie, Richard 185.
15      MR. NEUFELD: Correct.
16      THE CLERK: Mr. Henriquez, anything you'd like to
17 say?
18      THE DEFENDANT: No.
19      THE COURT: The defendant is sentenced to 15
20 years' sentence to run concurrent to your 20-year sentence
21 on 05CR185, be served in the federal penitentiary.
22 Surcharge, $270, plus $50 to be paid from inmate's funds.
23      MR. OUSTATCHER: Judge, no. The two and a half
24 years of post-release supervision, waive his right to
25 appeal.

|  | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 33. | 06/10/97<br>Age: 22 | Attempted Criminal Sale of a Controlled Substance in the 3rd Degree; New York County Supreme Court, New York, NY (Ind.#: 5011-97) | 08/06/97: 5 years' probation; license suspended for 6 months<br>04/20/01: Probation revoked | §4A1.1(c)<br>§4A1.2(e)(2) | 1 |

34. According to the NYPD arrest report, on June 10, 1997, at 11:00 p.m., in front of 656 West 171st Street, New York, NY, the defendant was arrested after he offered to sell cocaine to an undercover police officer.

35. On June 25, 1997, Henriquez pleaded guilty to Attempted Criminal Sale of a Controlled Substance in the 3rd Degree. On August 6, 1997, he was sentenced to five years' probation. On April 20, 2001, the defendant was discharged from probation due to a technical revocation. Further information has been requested from the New York City Department of Probation and remains awaited.

|  | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 36. | 05/28/03<br>Age: 29 | Illegal Re-Entry: U.S. District Court, SDNY, New York, NY (Case#: 03 CR 788) | 09/09/04: 24 months' imprisonment followed by 3 years' supervised release and $100 special assessment | §4A1.1(a)<br>§4A1.2(e)(2) | 3 |

37. According to the presentence report prepared by United States Probation Officer Thomas Frankelis, the defendant was arrested after Department of Homeland Security agents learned that the defendant was illegally residing in the Bronx after having been previously deported on December 29, 1997, to the Dominican Republic. As noted above, Henriquez had been previously convicted on June 25, 1997, for Attempted Criminal Sale of a Controlled Substance in the Third Degree in New York County Supreme Court, New York, NY.

38. The defendant admitted his guilt and stated that he had illegally re-entered the U.S. through Puerto Rico. He further stated that he was aware that he was not allowed to re-enter the U.S. without the permission of the U.S. Attorney General.

---

39. The defendant was in custody for this arrest from May 28, 2003, until March 7, 2005. In March 2005, the defendant was released from custody in order to be extradited to New Jersey pursuant to a warrant. However, he was arrested on March 7, 2005, by ATF agents for the instant offense.

| | | | | | |
|---|---|---|---|---|---|
| 40. | 09/19/07<br>Age: 32 | Manslaughter: Bronx County Supreme Court, Bronx, NY<br>(Case#: 2951-07) | 11/15/07: To be sentenced | §4A1.1(c)<br>§4A1.2(a)(4)<br>§4A1.2(e)(2) | 1 |

41. According to the case agent, the defendant was involved in an argument with his ex-girlfriend and her then boyfriend. The defendant left the ex-girlfriend's apartment and then returned a short time later. The defendant then shot the victim approximately three times. The victim died immediately.

42. According to Assistant Bronx Assistant District Attorney Veronica Seoane, the defendant pled guilty to Manslaughter on September 19, 2007, before the Honorable Judge Byrne. ADA Seoane further stated that the defendant is to be sentenced on November 15, 2007. He was judicially promised a sentence of 15 years' imprisonment to run concurrently to his federal sentence for the instant offense.

<u>Criminal History Computation</u>

43. The criminal convictions above result in a subtotal criminal history score of five.

44. Because the defendant committed the instant offense while under a criminal justice sentence of probation for his arrest of June 15, 1997, two points are added, pursuant §4A1.1(d).

45. The total of the criminal history points is seven. According to the sentencing table at Chapter 5, Part A, seven criminal history points establish a Criminal History Category of IV.